Thank you, Mr. Elkind. Our next case is In Re Garner. Reggie, you'll be ready to make the phone call. Mr. Tomaselli Thank you, Your Honor. May it please the Court. There are two issues before the Court today, we believe. The first issue is what is new evidence in the context of responding to an order to show cause in an interference. The second issue is what is the threshold showing needed to get into an interference. Now, it is certainly appropriate for the Board to have rules. It is not appropriate, however, for the Board to apply them in a manner that defies common sense. With respect to the issue regarding new evidence, the Board actually held in this case that the specification of the application that provoked the interference could not be considered by the Board in determining whether Garner made his threshold showing because it constituted new evidence. This holding, we believe, defies common sense. Under the Board's interpretation, unless you refile the patent application with your 202D showing, the specification of the very application... Counsel, even if we let the specification in, I guess I have trouble seeing how it gets you over the concern, the problem you have here. Your Honor, if we go through the specifications of both the provisional application and the application that provoked the interference, we will see that it describes the apparatus in detail, and we will see that the declarations submitted by Mr. Garner say the device as claimed. The device as claimed is the apparatus that's described as common sense would dictate in the specification of both the provisional patent application and the application that provoked the interference. Well, whether it's right or wrong, the Board has held that its regulation... What standard of review do you think that we ought to be applying to PTO's interpretation of its own reg? Under the Dethmers manufacturing case, which is 272F3D... What about Starfruit? Excuse me? What about Starfruit? Well, in this, we have to look, I think, Your Honor, at the context in which this case arose. This case arose in the context of, like in Dethmers, a summary judgment proceeding. No, it didn't arise like the context in Dethmers, Counsel. In Dethmers, you had two decisions, NUPLA and the other one, Escapes Me, which had already resolved the interpretation issue that the PTO later spoke on after Zerko. And so what I believe this Court held very clearly in Dethmers was that when the Court's already, as a matter of law, spoken on an issue of regulatory or statutory interpretation, the PTO can't go back and do a redo on us. But Starfruit seems to me to explain that exact concept further because it says, doesn't it, that when the PTO hasn't, or when the Court hasn't spoken on an issue, that we give deference to the PTO's interpretation. Doesn't Starfruit hold that proposition? It does, Your Honor. But in this case, I believe that there is no longstanding interpretation by the PTO of this regulatory... Does it have to be longstanding for a Court to give an agency deference, or could it have occurred yesterday? Are you aware of the APA, an administrative application of deference to agencies? I am, Your Honor. And I believe that there is more deference owed in an interpretation of an agency if it's a longstanding interpretation. Okay, so what would the standard be? So would it not be substantial evidence because they just came up with this interpretation yesterday? What would it be? It would be something less than that, clear error? What does more deference mean? I believe that you have a de novo review of their interpretation of the standard. How do you get that out of Starfruit? I get it out of Dethmers because I think... Okay, but how is Dethmers like this case when this Court had already spoken as a matter of law on those issues? The Court was reviewing whether or not, in the context of a summary judgment proceeding, there was sufficient evidence to rule one way. This process has been described as a summary judgment proceeding, and under that context, I think there should be de novo review of the determination of the Board by this Court, including... You're not appealing the determination by the Board, you're appealing their regulatory interpretation, which is what is required by in detail. We're appealing their determination that we didn't have a beneficiary showing, and we're also appealing their interpretation of the regulation. But that's the issue I'm trying to get you to focus in on, the interpretation of the regulation. To the extent that you're appealing that, I have a lot of difficulty coming to the conclusion that our precedent supports de novo review of an agency's interpretation of its own regulation, and I'm hoping that you can explain to me how you come to that conclusion. Even if we accept the Board's interpretation that it has to be either plainly erroneous or inconsistent with the regulation, I still believe that we prevail in that. Under that standard as well, I believe that we prevail because this interpretation is plainly erroneous and it is not consistent with the whole idea behind the proceedings. Mr. Tomaselli, just even going to the merits here for a moment and looking at your 2006 submission, how does it create the interference? How does it show an actual reduction of practice? A photo doesn't show that a device is working, and Mr. Fondon said no more than that he observed the device. He didn't say that he knew or operated it. Mr. Fondon does not say that he knew or operated it, but with respect, first we have Mr. Garner explain that the device worked. Of course, we discount inventors' own personal self-serving commentary. And then we need corroboration of that statement. You certainly do. And we have it with respect to the notebook pages, Your Honor, which says chemistry of a successful run. In addition, we have in the notebook pages an indication of the result of the apparatus, which is a masked pattern, and those are all found in the notebook. By the way, I'm not sure what you presented to the district court. I'm guessing it's the same thing you presented to us, where that mask is just solid black. We can discern absolutely nothing from that photograph, and I think the district court or whoever below somebody at some point commented on you presenting the same thing to them. Your Honor, that mask shows in a variety of the declarations, including the 2001, 2003, and 2005 declaration of Garner, and the 2003 declaration of Garner is quite clear. You attached photographs in those or something different than what you attached to ours? Because we can't see anything at all in that. Unfortunately, we have generational problems of copying here going on. In addition, in the provisional patent application, there's photographs that are attached to that, which clearly show a masked pattern. But our law here, as you understand, has very exacting requirements before we're going to allow a junior party to replace a senior party. Where is the showing that you have to have for corroboration? The showing, as you're aware of, is a combination of all the evidence in the record. But it's all rather circumstantial. It's discounted by the fact finder here. But, Your Honor, this is the point of much of our argument. This is just a prima facie showing to get into the door. And then, at that point, the evidence will be tested. And they're saying it wasn't enough to get you in the door. Why wouldn't we accept their determination of that factual question? Because they didn't apply the proper standards, including they didn't apply the standard which, as we have discussed, this is very akin to a summary judgment proceeding. And so Garner should be entitled to all reasonable inferences in support of priority. They didn't do that. Instead of giving him reasonable inferences in support of priority. But the law is stacked quite heavily against you. And if they're applying the law correctly, they're going to require you to meet quite exacting requirements before you meet those thresholds, right? Isn't that a little bit of their point? Their point is, and we agree, once we're in the interference, it's an exacting standard. But what we're saying, we're looking at the gatekeeper function right now and how much is enough. And it has to be lower than the amount needed during the interference proceeding to show priority. It has to be lower. Do you have something more to show? Absolutely. Well, then why wouldn't you have shown that right from the outset? You wouldn't be holding things back, would you? No, Your Honor. But hindsight is 20-20. If we had understood that they would require such a detailed initial showing in the prima facie showing, we could have put more information in the prima facie showing. Like what? More information such as the information found in the specification of the provisional patent application and the information found in the application at issue in the specification. I'm still struggling to understand why that wouldn't be automatically put forth right from the beginning, even if it would be enough to meet the threshold. We believe it was put forth in the beginning, Your Honor. It was put forth because Garner's declaration  and references the application at issue, and we say that that's incorporation by reference. The original examination, there was quite a few questions with respect to where are some of the abbreviations that are found in Garner's declaration. A simple review of the specification would have illuminated the examiner of exactly what the definitions were. Isn't that the whole idea? I mean, the application is a living, breathing thing, and the focus simply on what was said. These interferences sometimes go 10, 15 years. If we adopted the sort of procedure you're recommending, which is, well, we meet a little threshold, and then we give a little more evidence, and then we meet another threshold, and we meet another evidence, wouldn't that prolong it even worse? Why aren't they correct to say you've got to meet it right from the outset? Well, first of all, I think we did meet it from the outset, but moving to the second issue. In responding to the order to show cause, shouldn't you be entitled to refer to other things that are in the record, not new evidence, not evidence brought in and asked for permission to add, like a declaration that was in Huston, and not that type of evidence, but shouldn't in responding to an order to show cause, shouldn't you have the ability to refer the board to information that's already in the record, information in, for example, the provisional patent application specification or in the specification of the application issue? Then, if that's not enough, you're done. But that's not what happened here. So this won't go on forever. This will go on. You make your initial showing. If there's an order to show cause, you respond. You may illuminate the previous response by citing additional things in the record. Would you like to save some of your rebuttal time, Mr. Tomaselli? Thank you, Mr. Stoll. Counsel, why is this declaration sufficient for Rule 131 but not for 202? Your Honor, if you're referring to the 2005 202D declaration, there's nothing in the record to suggest it was sufficient. It overcame the prior rejection, didn't it, by establishing prior? I do not believe that's correct, Your Honor. I do not believe that the—in its earlier form, it was a 2001 declaration, and it was submitted, and I don't believe the examiner was persuaded by that declaration. That's why this 2003 declaration was filed, because the 2001 declaration was insufficient to overcome the outstanding rejection. And did the 2003 declaration overcome the rejection? First, I don't believe it did, but more importantly, it's unclear whether the claims that existed at that time are the same claims that exist now and that are now essentially this count. What does that have to do with the level of detail of his assertion with regard to reduction of practice? I mean, it doesn't matter how the claims might slightly be modified, because your rejection to me in this case seems quite pro forma. It's, you know what, your declaration, yes, it says that this picture shows all the elements of the claim, but you didn't articulate them with particularity, and therefore under our interpretation of our Rule 202, which requires detail, you haven't met your burden. I mean, come on. He says this picture shows all the claim elements. Why isn't that enough? Yeah, he gave you output results in the form of notebook pages  He claimed those were produced as a result of this device. Because there are just assertions that are without support. Assertions without support? He provided pictures and photographs and a declaration of someone else who actually saw this. If Your Honor indulges me, the 2005 declaration says essentially that I reduced this device to practice. See my photographs and see my lab book. Now what's required is an articulation of the component parts and how the component parts in the photograph interrelated, how they interacted with one another to meet the requirements of the count. The count was a computer-controlled micrometer positioned to redirect the light from the light source towards the substrate. There's absolutely no discussion in the declaration to describe that sort of interaction between the component parts. And if you look at this figure, if you look at this photograph, I'm sorry, the DLP processor, which is allegedly the micromirror, is described as pre-mounted. Where's the micromirror? According to Garner, this... It's not labeled on here, is it? It's not labeled at all, Your Honor. Where is it? Do you have an idea where it is? The labeling DLP in the bottom right-hand corner. Isn't there a better picture? You're pointing us to JA-169, but I remember a much better picture somewhere else. That is exactly the photograph that was submitted to the board in connection with the 202 filing. And that's what gets forwarded to the board. The application, it's its own record before the agency. Yes, but this photograph, but you see my photocopy of it is virtually undistinguishable, and this is not what was forwarded to the board, this photocopy. So I remember somewhere in these materials there were a better picture. Can't you point me to it? Your Honor, I'd be happy to just talk to you about what the labeling says here. So can you not point me to where in the materials is a better picture so that we can all be looking at this in a meaningful way? Your Honor, I'm basing this on the appendix, as he's represented it to have been submitted, the photographs have been submitted to the board. Now, he admits in his briefs that the quality of the images submitted to the board were of poor quality. Is there maybe a little bit better one, Mr. Stoll, at 179? It doesn't have labels, but maybe that's... Maybe that has a little bit more definition to it? It's hard to tell, but... That's a better quality than the one I was just discussing, but regardless, the declarations don't describe how the component parts interact with one another. It's no better than taking components, laying them out on a table, and saying, there's my reduction of practice. Do you agree we'd have a different case here if Mr. Fondon had seen in operation what's depicted in these photographs that we have? That's the critical point, correct? That's absolutely correct. We have no corroboration. All Mr. Fondon was willing to attest to in his sworn declaration is, I saw that device at that time. What device? The device depicted. Was this a working device? It's unclear. And I would assert to you that this pre-mounted DLP, whatever that is, even assuming, giving Garner the benefit of the doubt, that that's the micromirror, that one of ordinary skill wouldn't be able to ascertain how these component parts interacted. You try to draw the line... Did they have to meet that high exacting standard at this early stage? It's not... In the board's view, he hadn't met the standard, the prima facie case standard, because his declarations and his exhibits don't establish how these component parts interacted with one another. And that's what required. How did this device operate? And Fondon wasn't able to articulate that. Garner wasn't able to articulate that in the declaration. Wait, wait, wait. That doesn't seem fair to me. Doesn't Garner say, this picture depicts the exact claimed invention? And isn't that... Why is that any different than him actually cutting and pasting the claim language into his declaration and saying, this is how it works? Well, Your Honor, because this declaration was originally drafted in 2001. So the state of the claims... This is a 131 declaration that by his own admission, he just restyled it in a 202 declaration and resubmitted it in 2005. So we have to go back, Garner has to go back to 2001 and assess what the claims stated then. And then establish... So maybe he incorporates that claim language. But it's unclear that that claim language is what is now in this account. What is now claimed by Garner. And I want to go back to you. The reason the Board established these rules is to protect patentees from being hauled into an interference proceeding and the harassment that's associated with that. In Kislev, the Court stated, the expense involved in a protracted interference and the special hardships workable on a patentee involved therein are notorious, and to minimize both where possible would appear to be the lawful purpose. And let's talk about that for a second. So you're saying it's unclear whether or not the claim he was referring to in the 2003 declaration, which he submitted in this case, is the same as the claim at issue in the interference, or the count sedition interference. Is that right? Am I understanding you right? No, I'm talking about the 2005 declaration, which also is the same as the 2001 declaration, because the 2003 declaration, the Board refused to consider it because it was not submitted in the initial request. Okay, so the 2005 declaration, you're saying it's unclear whether or not that claim that it was based upon when it asserted that this picture depicts the invention working exactly as claimed, you're saying it's unclear that that corresponds to the current count at issue. That's correct. Suppose it wasn't unclear. Suppose we find that it's not unclear, that we actually look at it and say it's identical. So then what do you do? Well, if the evidence supports what's asserted, I think the next question is, is it reasonable from the evidence submitted, and is there cooperation? Again, we go back to the fact that there's absolutely no cooperation that the device worked in the way that the inventor testifies that it did. The inventor's testimony has to be cooperated with other person's testimony. He could have gotten these two individuals to write a declaration, these individuals that he's described in his arguments as lab technicians that worked with him. He didn't. He had every opportunity to make his case in the initial showing, and he failed to do so and enter this court's precedent in Hahn and Houston. Let me read from Hahn, because it's extremely relevant here. The board did not abuse its discretion in refusing to permit Hahn to supplement its initial inadequate initial showing with the material that it could and should have submitted with the initial submission. Now, if you look at his response to the show cause order, he cites the 2003 declaration no less than 18 times. It is the primary focus of his response to the board's order to show cause. Now, that's tantamount to an opportunity to request reconsideration, not to start from scratch. But he failed to make his case, and the board rules, again, is designed to protect patentees from harassment. What happens when a patent, an issued patent, goes into an interference proceeding is, one, the ownership of the subject matter claim is called into doubt. That's a huge cloud cast over the issued patent. Moreover, the applicant has an opportunity to challenge the validity of the issued patent in a form of cancellation proceeding in the course of the interference. So this rule is designed, and this rule has been confirmed in its previous versions by this court twice in Holland and Houston. And in Houston, the court said, to ensure prompt resolution of patent interferences by encouraging applicants to prepare an original showing which is as complete as possible, and it goes on to say that these rules are intended to reduce the time and expense for the parties and the board by imposing a stricter standard for filing additional evidence after entry of an order to show cause is made. Now, in promulgating the new rules, and this was an entire rule package that was promulgated in 2004, the agency noted that Section 202D-2 simply restates Rule 617, and that's discussed... that's quoted at page 25 of our written review. Hon makes it pretty clear as well that the corroboration requirement requires more than just acknowledging the existence. You have to really avert all of the facts necessary to be corroborated, right? That's correct, Your Honor, and that's why Mr. Garner went back and tried to cite the 2003 declaration, because the 2001 declaration, or 2005 declaration as it may be, was completely deficient in any discussion of how the photograph depicted illustrated the components and the operation of those components. He simply said, that's my device, and that's insufficient, and the board was correct in determining that. It would not justify provoking an interference with Quate's issued patent. I want to emphasize also that these are two separate proceedings. The application file is one proceeding. It gets its own administrative record. The interference proceeding, and all the examiner is required to do here, is to simply assess whether the formal requirements of the rules are satisfied, and then to pass the case onto the board for substantive evaluation. And if you look at the cert list in this case, in the appendix, I believe it's at page J827, you'll see that is the record before the board. Unless there are any other questions. I guess I'm still back at what the board did with regard to Mr. Garner's statement, and whether they were sufficient to show the device and how it worked corresponding to the count. On page 19 of the board opinion, it says the photograph of the device did not show how each part of the device worked as described in the count. Consequently, Garner did not prove with sufficient evidence to carry its burden that the elements of the count were present in the machine depicted in the photograph. Is Garner's statement that this picture depicts the invention as claimed in the count? Now, I understand that you say it's unclear whether the count corresponds to his 2001 claim, but say that it is clear. Say that they're identical. Is the board suggesting in this statement that when the inventor says, here's a picture of my invention, assume there's corroboration, everyone says, oh yeah, I saw what it was. This is my invention. It works according to the elements of the count. But he does not articulate with particularity how each particular part of the component interacts with each other the way the attorney clearly did in the briefing. And the board cites that out and points to the fact that that's attorney argument, not Garner testimony. But if he simply makes the statement that this photograph depicts the invention explained in the count identically, would that be enough, according to the board? Well, I think the board has to also look at the supporting evidence, and that's the photograph. And the board has to assess whether drawing the inferences suggested by Garner is reasonable. And here the board looked at the evidence and found that that would not be reasonable. It would not be reasonable to haul a long-quay-tissue patent in, given this photograph, that it lacks any suggestion that it's operational at this time. That Fondon fails to corroborate that he saw it operate. Why did Mr. Fondon's declaration simply say that? But I told you to assume all of that. What I'm getting at the heart of it is is it enough for an inventor to present a photograph, say that there is sufficient corroboration that this thing worked as intended? The only issue is, did the inventor need to articulate with particularity in his own words, in the declaration, each element of the claim and how they interrelated vis-à-vis this photograph? Or would it be enough for him to assert, here is a photograph, this depicts every element of the claim exactly as it exists in the count, and they all interact exactly as specified in the count. I'm just wondering whether the board's position is the particularity requires the inventor in the form of words to articulate all of these details, or would it be enough for him to make the more conclusory statement? I understand Your Honor's question. I think if the photograph is consistent with the statements made, and that it supports the statements made clearly, then possibly the board would agree and exercise its discretion to provoke the interference. But in this case, where the photograph is not consistent with a working embodiment, and again, I'll go back to the labels where it's described as pre-mounted, this DLP processor, which we're really not sure what that is at the time. Well, doesn't the specification tell us what it is? Oh, come on. The specification does, but Garner did it. But more importantly, it's pre-mounted, and we have no evidence that this device was operated at this time, so we can't entitle the board to properly exercise its discretion in not provoking interference between this application and this patent. Thank you, Mr. Stoll. Mr. Tomaselli, you have about 3 1⁄2 minutes remaining. Thank you, Your Honor. First point, with respect to Hahn and Huston, they don't apply if under the old rule we wouldn't even be here because there was clearly a six-day difference between the filing and the two applications at issue. And under the old rule, if it was more than three months, there wasn't even a need for a primary picture showing that. Mr. Tomaselli, let me ask you, you're certainly correct on that, but is that really relevant to the issue before us? In other words, you make a valid point in distinguishing those cases on a factual basis, but whether it's a day or six days or 24 days or two years, for the issue we're discussing, does it make any difference? See what I'm saying? Yes, I do. I think it does, Your Honor, because if it is a longer time period, then maybe there should be more scrutiny applied. Here, under the old rule, there was no scrutiny applied. You were in the interference. But you are under the new rule. Yes, I understand. I think that's the point of Judge Shaw. You're under that rule, so now you have to meet that burden. Correct. How do you do it? We do it by the combination of the evidence in the record. The Garner Declaration that specifically incorporates by reference the provisional patent application specification, the specification of the application at issue. In his declaration, he said the device as claimed. The device as claimed has been built and was operating. How do we know? Excuse me? How do we know it was built and operating as of that point? We certainly know it was built because Fondon tells us that. We know it was operating because A, he said... Well, he saw something that purported to be the machine. Without seeing it in operation, do you even know what kind of a machine it is? He identifies what it is. He identifies it with the very name used in the applications. Fondon identified the machine as the very name used in the application of the invention at issue. But our case law makes clear that that's not enough. You can't just say,  You have to be able to corroborate its performance in accordance with the claim. I assume that you're referring to the case of Price, and that talks about the need for corroboration. Now that arises when you're in the interference. The whole rule of reason is articulated in cases that talk about once you're in the interference what type of evidence you need. I submit that maybe there should be a relook at what level of corroboration is needed here when you're just making a prima facie showing and considering all the evidence in the record. Another big distinction... Counsel, I think the government made a really good point when he said, Look, the 2001 declaration where Mr. Garner said this picture depicts the invention as claimed is not at all the same thing. It's not at all clear that it's the same elements as what's present in the count. How do you overcome or respond to that? If you look at the specification of the application at issue, it talks about an apparatus for catalyzing a reaction on a substrate comprising a light source that is directed towards a micromirror positioned to redirect light from the light source towards the substrate. The computer is connected to and controls a micromirror and substrate holder such as a reaction chamber that is placed in the path of the light redirected by the micromirror wherein light that is redirected by the micromirror catalyzes a chemical reaction approximate to substrate. That is the count. It tracks the count. That's in not only the specification of the provisional patent application but also in the specification of the application at issue. Does Mr. Garner say in his declaration that this picture depicts what's disclosed in my spec or does he say this picture depicts what's claimed in my claim? Well, if you go to the client for example and you look at that application... Can you just... Do you know the answer to that one question? I can look at this later myself. The first claim tracks the count. Okay. Thank you. Thank you, Mr. Tomaselli.